IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
GEORGIA

|  |  |  |
|---|---|---|
| INDIA JOHNSON | ) | Case No._:_23-51393 |
|  | ) |  |
|  | ) | Chapter 7 |
| Debtor*. | ) |  |
|  | ) | Honorable Jeffery W. Cavender |
|  | ) |  |

## MOTION OF HUSSEIN ABAZA FOR RELIEF FROM THE AUTOMATIC STAY

Hussein Abaza ("Movant") seeks relief from the automatic stay under 11

U.S.C. § 362, and states:

1.  Movant is the owner for the rental property at 6587 Factory Shoals Road, Mableton GA , 30126.  A single family home (rental property) that is occupied by the debtor

2.  Debtor, India Johnson filed a petition under Chapter 7 of the United State Bankruptcy Code on or about February 10, 2023.

3.  Movant sent a 60 day notice to the debtor on December 7, 2022 to vacate the rental property since the signed lease with the debtor ended on 8/1/2021 and the lease entered a month-to-month period, and the movant want to demolish most of the property for renovation.

4.  Debtor also owed $4,250 in past due rent, late fees, and other penalties.

    a-  Mover is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362 because debtor has no equity in the rental property.

    b-  Debtor does not have an active lease agreement.

    c-  Debtor was given 60 ay notice to vacate the rental property on December 7, 2022 , and this period was satisfied on February 6, 2023.

    d-  Debtor did not make the rental monthly payments and eviction procedures

were initiated at Cobb county magistrate court.

WHEREFORE, Counsel respectfully requests that the Court enter an Order for Relief from the Automatic Stay as it pertains to Movant and for such further relief as the Court deems appropriate.

Dated: February 21, 2023

/s/ Signature

Movant, Hussein Abaza

*Hussein Abaza*
*669 Creekwood Trail*
*Marietta GA 30068*
*Tel 252-424035*

## PROOF OF SERVICE

A true and correct copy of the foregoing has been sent by either electronic transmission or U.S. Mail on *India Johnson*                            nsert name of client]

*669 Creekwood 1*
*6587 factory Shoals Rd*
*Mableton GA 30126*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE: _India Johnson_ )

_____ )    Case No: _23-51393_

                              )    Chapter _7_

_____ )

                              )

Debtor(s)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 year of age, and that on the _22_ day of _February_, 20_23_, I served a copy of

_Relief from Automatic Stay_

which was filed in this bankruptcy matter on the_22_ day of _February_, 20_23_

Mode of service (check one):    ⊗ MAILED    ◯ HAND DELIVERED

Name and Address of each party served (If necessary, you may attach a list.):

_India Johnson._    _____

_6587 factory Shoals Rd_    _____

_Mableton GA 30126_    _____

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: _2/22/2023_

Signature: _____

Printed Name: _Hussein Abaza_

Address: _669 Creekwood Trail_

_Marietta GA 30068_

_252-412-4035_

Phone:

(Generic Certificate of Service – Revised 4/13)

December 7, 2022

To

India Johnson

6587 factory shoals Rd

Mableton 30126

Subject; Repossession of the house

Dear Mrs. Johnson.

I am sorry to inform you that I would like to demolish most of the house and rebuild it. I am requesting please to vacate the home within 60 days of this letter. I really wish you the best, and please let me know if there is any way I can help to have you relocated.

Yours

Hussein Abaza

669 Creekwood Trail

Marietta GA 30068

*Hussein Abaza*

# STANDARD RESIDENTIAL LEASE AGREEMENT

**I. THE PARTIES.** This Residential Lease Agreement ("Agreement") made this
_1/22_____ , 20 _21_ is between:

Landlord: _Husain Abaza_ with a mailing address of _660 Orchard Trail_
City of _Marietta_____ , State of _GA_ _30068_ , ("Landlord").

AND

Tenant(s): _____ _India Johnson_ _____ ("Tenant").

Landlord and Tenant are each referred to herein as a "Party" and, collectively, as the "Parties."

NOW, THEREFORE, FOR AND IN CONSIDERATION of the mutual promises and agreements contained herein, the Tenant agrees to lease the Premises from the Landlord under the following terms and conditions:

**II. LEASE TYPE.** This Agreement shall be considered a: (check one)

☐ - Fixed Lease. The Tenant shall be allowed to occupy the Premises starting on
_2/1/2021_____ , 2021 and end on _8/1/2021_____ , 20 _21_ ("Lease Term"). At the end of the Lease Term and no renewal is made, the Tenant: (check one)

☒ - May continue to lease the Premises under the same terms of this Agreement under a month-to-month arrangement.
☐ - Must vacate the Premises.

☒ - Month-to-Month Lease. The Tenant shall be allowed to occupy the Premises on a month-to-month arrangement starting on _8/1/_____ , 20 _21_ and ending upon notice of _60_ days from either Party to the other Party ("Lease Term").

**III. OCCUPANT(S).** The Premises is to be occupied strictly as a residential dwelling with the following individual(s) in addition to the Tenant: (check one)

☐ - _____ ("Occupant(s)").

☐ - There are no Occupant(s).

**IV. THE PROPERTY.** The Landlord agrees to lease the described property below to the Tenant (enter the property information):

Mailing Address: _____
_____

iii) _____ Inc. ☐ Apartment ☒ House ☐ Condo ☐ Other: _____
iv) Bathroom(s): 2
iii) Bedroom(s): 4

The aforementioned property shall be leased wholly by the Tenant ("Premises").

**V. PURPOSE.** The Tenant and Occupant(s) may only use the Premises as: (check one)

☒ - A residential dwelling only.

☐ - A residential dwelling and: _____

**VI. FURNISHINGS.** The Premises is: (check one)

☐ - To be furnished with the following items: w Frdg. Stove

☒ - Not furnished.

**VII. APPLIANCES.** The Landlord shall: (check one)

☒ - Provide the following appliances: Fridge , Stove .

☐ - Not provide any appliances.

**VIII. RENT.** The Tenant shall pay the Landlord, in equal monthly installments of
$ 910 ("Rent"). The Rent shall be due on the 5th of every month ("Due Date") and paid under the following instructions: Cash Ap Payment

**IX. NON-SUFFICIENT FUNDS (NSF CHECKS).** If the Tenant pays the Rent with a check that is not honored due to insufficient funds (NSF): (check one)

☒ - There shall be a fee of $ 50 per incident.

☐ - There shall be no fee for Tenants using the _____

**X. LATE FEE.** If Rent is not paid on the Due Date: (check one)

☒ - There shall be a penalty of $ 100 due on ☐ One (1) Time Payment ☐ Every Day Rent is Late. Rent is considered late when it has not been paid within 10 day(s) after the Due Date.

☐ - There shall be No Late Fee if Rent is late.

**XI. FIRST (1ST) MONTH'S RENT.** The Tenant is required to pay the first (1st) month's rent: (check one)

Upon the execution of this Agreement.

☐ - Within the first (1st) day of the Lease Term.

XII. PRE-PAYMENT. The Tenant shall: (check one)

☒ - Pre-Pay Rent in the amount of $ 910 for the term ___ 20__
1/1/23 , 20 23 , and ending on ___ 3/1 , 20__
Pre-Payment of Rent shall be due upon the execution of this Agreement.

☐ - Not be required to Pre-Pay Rent.

XIII. PRORATION PERIOD. The Tenant: (check one)

☒ - Shall take possession of the Premises before the start of the Lease Term
on 2/1/ , 20 23 , and agrees to pay $ ___ for the
proration period. The proration rate is calculated by the monthly Rent on a daily
basis which shall be paid by the Tenant upon the execution of this Agreement.

☐ - Shall not be taking possession of the Premises before the Lease Term.

XIV. SECURITY DEPOSIT. As part of this Agreement: (check one)

☒ - The Landlord requires a payment in the amount of $ 500
("Security Deposit") for the faithful performance of the Tenant under the terms
and conditions of this Agreement. Payment of the Security Deposit is required by
the Tenant upon the execution of this Agreement. The Security Deposit shall be
returned to the Tenant within 30 days after the end of the Lease Term less any
itemized deductions. This Security Deposit shall not be credited towards any
Rent unless the Landlord gives their written consent.

☐ - The Landlord does not require a Security Deposit as part of this Agreement.

XV. MOVE-IN INSPECTION. Before, at the time of the Tenant accepting possession, or
shortly thereafter, the Landlord and Tenant: (check one)

☒ - Agree to inspect the Premises and write any present damages or needed
repairs on a move-in checklist.

☐ - Shall not inspect the Premises or complete a move-in checklist.

XVI. PARKING. The Landlord: (check one)

☒ - Shall provide ___ parking space(s) to the Tenant for a fee of $ ___
paid ☐ at the execution of this Agreement ☐ on a monthly basis in addition to the
rent. The parking space(s) are described as: ___



**□ - Shall NOT provide parking.**

**XVII. SALE OF PROPERTY.** If the Premises is sold, the Tenant is to be notified of the new Owner, and if there is a new Manager, their contact details for repairs and maintenance shall be forwarded. If the Premises is conveyed to another party, the owner: (check one)

☑ - Has the right to terminate this Agreement by providing 30 days notice to the Tenant.

□ - Does not have the right to terminate this Agreement.

**XVIII. UTILITIES.** The Landlord shall provide the following utilities and services to the Tenant: _None_

Any other utilities or services not mentioned will be the responsibility of the Tenant.

**XIX. EARLY TERMINATION.** The Tenant: (check one)

☑ - Shall have the right to terminate this Agreement at any time by providing at least _60_ days' written notice to the Landlord along with an early leasing fee of $___0___ (US Dollars). During the notice period for termination the Tenant will remain responsible for the payment of rent.

□ - Shall not have the right to terminate this Agreement.

**XX. SMOKING POLICY.** Smoking on the Premises is: (check one)

☑ - Permitted ONLY in the following areas: _____

□ - Prohibited on the Premises and Common Areas.

**XXI. PETS.** The Tenant: (check one)

☑ - Shall have the right to have _1_ pet(s) on the Premises consisting of _Small_ _____. Types of pets Allowed that are not to weigh over _____ pounds. For the right to have pet(s) on the Premises the Landlord shall charge a fee of $_____ that is non-refundable □ refundable unless there are damages related to the pet. The Tenant is responsible for all damage that any pet causes, regardless of ownership of said pet and agrees to restore the Premises to its original condition at their expense.

□ - Shall not have the right to have pets on the Premises.



**XXI. WATERBEDS.** The Tenant: (check one)

☐ - Shall have the right to use a waterbed on the Premises.

☒ - Shall not have the right to use a waterbed on the Premises.

**XXII. NOTICES.** Any notice to be sent by the Landlord or the Tenant to each other shall use the following addresses:

**Landlord's / Agent's Address:**

669  Creekwood  Trail  Marietta  GA

**Tenant's Mailing Address:** (check one)

☐ - The Premises.

☐ - Other. 669 Creekwood Trail Marietta GA

**XXIV. AGENT/MANAGER.** (check one)

☐ - The Landlord does have a manager on the Premises that can be contacted for any maintenance or repair at:

Name: _____

Telephone (____) ____ - _____  E-Mail _____

☒ - The Landlord does not have a manager on the Premises although the Landlord can be contacted for any maintenance or repair at:

Telephone (252) 94 - 4035 E-Mail habaza @ Kennesaw . edu

**XXIV. POSSESSION.** Tenant has examined the condition of the Premises and by taking possession acknowledges that they have accepted the Premises in good order and in its current condition except as herein otherwise stated. Failure of the Landlord to deliver possession of the Premises at the start of the Lease Term to the Tenant shall terminate this Agreement at the option of the Tenant. Furthermore, under such failure to deliver possession by the Landlord, and if the Tenant cancels this Agreement, the Security Deposit (if any) shall be returned to the Tenant along with any other pre-paid rent, fees, including if the Tenant paid a fee during the application process before the execution of this Agreement.

**XXVI. ACCESS.** Upon the beginning of the Proration Period or the start of the Lease Term, whichever is earlier, the Landlord agrees to give access to the Tenant in the form of keys, fobs, cards, or any type of keyless security entry as needed to enter the common areas and the Premises. Duplicate copies of the access provided may only be authorized under the consent of the Landlord and, if any replacements are needed, the

**XXXIV. COMPLIANCE WITH LAW.** The Tenant agrees that during the term of this Agreement, to promptly comply with any present and future laws, ordinances, orders, rules, regulations, and requirements of the Federal, State, County, City, and Municipal government or any of their departments, bureaus, boards, commissions and officials thereof with respect to the premises, or the use or occupancy thereof, whether such compliance shall be ordered or directed to or against the Tenant, the Landlord, or both.

**XXXV. DEFAULT.** If the Tenant fails to comply with any of the financial or material provisions of this Agreement, or of any present rules and regulations or any that may be hereafter prescribed by the Landlord, or materially fails to comply with any duties imposed on the Tenant by statute or State laws, within the time period after delivery of written notice by the Landlord specifying the non-compliance and indicating the intention of the Landlord to terminate the Agreement by reason thereof, the Landlord may terminate this Agreement. If the Tenant fails to pay rent when due and the default continues for the time-period specified in the written notice thereafter, the Landlord may at their option, declare the entire balance (compiling all months applicable to this Agreement) of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to the Landlord at law or in equity and may immediately terminate this Agreement.

The Tenant will be in default if: (a) Tenant does not pay rent or other amounts that are owed; (b) Tenant, their guests, or the Occupant(s) violate this Agreement, rules, or fire, safety, health, or criminal laws, regardless of whether arrest or conviction occurs; (c) Tenant abandons the Premises; (d) Tenant gives incorrect or false information in the rental application; (e) Tenant, or any Occupant(s) is arrested, convicted, or given deferred adjudication for a criminal offense involving actual or potential physical harm to a person, or involving possession, manufacture, or delivery of a controlled substance, marijuana, or drug paraphernalia under state statute; (f) any illegal drugs or paraphernalia are found in the Premises or on the person of the Tenant, guests, or Occupant(s) while on the Premises and/or; (g) as otherwise allowed by law.

**XXXVI. MULTIPLE TENANT OR OCCUPANT(S).** Each individual that is considered a Tenant is jointly and individually liable for all of this Agreement's obligations, including but not limited to rent monies. If any Tenant, guest, or Occupant(s) violates this Agreement, the Tenant is considered to have violated this Agreement. Landlord's requests and notices to the Tenant or any of the Occupant(s) of legal age constitutes notice to the Tenant. Notices and requests from the Tenant or any one of the Occupant(s) (including repair requests and entry permissions) constitutes notice from the Tenant. In eviction suits, the Tenant is considered the agent of the Premise for the service of process.

**XXXVII. DISPUTES.** If a dispute arises during or after the term of this Agreement between the Landlord and Tenant, they shall agree to hold negotiations amongst themselves, in "good faith", before any litigation.

**XXXVIII. SEVERABILITY.** If any provision of this Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Agreement nor the application of the provision to other persons,

entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**XXXIX. SURRENDER OF PREMISES.** The Tenant has surrendered the Premises when (a) the move-out date has passed and no one is living in the Premises within the Landlord's reasonable judgment; or (b) Access to the Premises have been turned in to Landlord – whichever comes first. Upon the expiration of the term hereof, the Tenant shall surrender the Premises in better or equal condition as it were at the commencement of this Agreement, reasonable use, wear and tear thereof, and damages by the elements excepted.

**XL. RETALIATION.** The Landlord is prohibited from making any type of retaliatory acts against the Tenant including but not limited to restricting access to the Premises, decreasing or cancelling services or utilities, failure to repair appliances or fixtures, or any other type of act that could be considered unjustified.

**XLI. WAIVER.** A Waiver by the Landlord for a breach of any covenant or duty by the Tenant, under this Agreement is not a waiver for a breach of any other covenant or duty by the Tenant, or of any subsequent breach of the same covenant or duty. No provision of this Agreement shall be considered waived unless such a waiver shall be expressed in writing as a formal amendment to this Agreement and executed by the Tenant and Landlord.

**XLII. EQUAL HOUSING.** If the Tenant possesses any mental or physical impairment, the Landlord shall provide reasonable modifications to the Premises unless the modifications would be too difficult or expensive for the Landlord to provide. Any impairment(s) of the Tenant are encouraged to be provided and presented to the Landlord in writing in order to seek the most appropriate route for providing the modifications to the Premises.

**XLIII. HAZARDOUS MATERIALS.** The Tenant agrees to not possess any type of personal property that could be considered a fire hazard such as a substance having flammable or explosive characteristics on the Premises. Items that are prohibited to be brought into the Premises, other than for everyday cooking or the need of an appliance, includes but is not limited to gas (compressed), gasoline, fuel, propane, kerosene, motor oil, fireworks, or any other related content in the form of a liquid, solid, or gas.

**XLIV. INDEMNIFICATION.** The Landlord shall not be liable for any damage or injury to the Tenant or any other person, or to any property, occurring on the Premises, or any part thereof, or in common areas thereof, and the Tenant agrees to hold the Landlord harmless from any claims or damages unless caused solely by the Landlord's negligence. It is recommended that renter's insurance be purchased at the Tenant's expense.

**XLV. COVENANTS.** The covenants and conditions herein contained shall apply to and bind the heirs, legal representatives, and assigns of the parties hereto, and all covenants are to be construed as conditions of this Agreement.

**XLVI. PREMISES DEEMED UNINHABITABLE.** If the Premises is deemed uninhabitable due to damage beyond reasonable repair the Tenant will be able to terminate this Agreement by written notice to the Landlord. If said damage was due to the negligence of the Tenant, the Tenant shall be liable to the Landlord for all repairs and for the loss of income due to restoring the Premises back to a livable condition in addition to any other losses that can be proved by the Landlord.

**XLVII. LEAD PAINT.** (check one)

☒ - The Premises was built prior to 1978 and there is an attachment titled 'Lead-Based Paint Disclosure' that must be initialed and signed by the Landlord and Tenant.

☐ - The Premises was not built prior to 1978.

**XLVIII. GOVERNING LAW.** This Agreement is to be governed under the laws located in the State where the Premises is located.

**XLIX. ADDITIONAL TERMS AND CONDITIONS.** _____

_____

**L. ENTIRE AGREEMENT.** This Agreement contains all the terms agreed to by the parties relating to its subject matter including any attachments or addendums. This Agreement replaces all previous discussions, understandings, and oral agreements. The Landlord and Tenant agree to the terms and conditions and shall be bound until the end of the Lease Term.

Landlord's Signature _____    Date: 1/27/2021

Print Name: Hussein Abarza

Tenant's Signature _____    Date: 1/27/2021

Print Name: Fadis Jebaren

Tenant's Signature _____    Date: _____

Print Name: _____

Agent's Signature _____    Date: _____

Print Name: _____